5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of AMERICA, Appellee,
v.
Michael ANDERS, Appellant.
 No. 93-2100.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 5, 1993.
Filed: September 9, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael R. Anders appeals the 117-month sentence imposed by the district court[1] following his guilty plea to two counts of bank robbery and one count of using a firearm during and in relation to a crime of violence. We affirm.
 
 
 2
 Anders pleaded guilty to committing two armed robberies in the St. Louis area, in violation of 18 U.S.C. Sec. 2113(a), (d). During the second robbery, he pointed a small caliber revolver at the teller and announced a holdup. This conduct resulted in the charge of using a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. Sec. 924(c)(1). The presentence report (PSR) calculated Anders's sentencing range for the two robberies as 57 to 71 months based on a total offense level of 25 and a criminal history category of I. The PSR also stated that the section 924(c)(1) conviction mandated a five-year consecutive sentence. The PSR reported no mitigating circumstances present to warrant departure.
 
 
 3
 Anders objected to the PSR's conclusion concerning the absence of grounds for departure. Anders argued that a departure was warranted under 18 U.S.C. Sec. 3553(b) and U.S.S.G. Sec. 5K2.0, p.s., for two reasons: first, he suffered from a lack of guidance throughout his childhood; and second, he was abused as a child and the abuse caused him extreme psychological damage. Anders conceded that U.S.S.G. Sec. 5H1.12, p.s., precluded using lack of guidance as a youth as a ground for departure, but argued that his circumstances were so extreme as to justify departure. Likewise, he acknowledged that U.S.S.G. Sec. 5H1.3, p.s., provides that mental and emotional conditions are not ordinarily relevant to determining whether to depart, but maintained that the childhood abuse to which he had been subjected was sufficiently extraordinary as to justify departure.
 
 
 4
 Following a hearing, the district court denied the motion for departure, stating: "I have taken in consideration all the factors. I'm not going to grant a downward departure. I'm making no determination whether or not the guidelines allow for departure in this circumstance." On appeal, Anders argues that we should remand for resentencing because the district court's statement indicates that it failed to recognize its authority to depart, or at best was ambiguous regarding its authority. In response, the government contends that the district court recognized its authority to depart, but simply chose not to exercise it on the facts of this case.
 
 
 5
 The district court's terse denial of Anders's departure motion is unclear regarding whether the court recognized its authority to depart and declined to exercise it, or whether the court believed it lacked authority under the Guidelines to grant a departure. Nevertheless, we may affirm if, as a matter of law, the record would not support a downward departure. See United States v. Harrison, 970 F.2d 444, 446-48 (8th Cir. 1992). The Guidelines do not allow for departure on the ground of "youthful lack of guidance." Rather, section 5H1.12 expressly provides that "[l]ack of guidance as a youth and similar circumstances indicating a disadvantaged upbringing are not relevant grounds for imposing a sentence outside the applicable guideline range." The only case Anders cites to support "youthful lack of guidance" as a valid ground for departure was decided before the Sentencing Commission promulgated section 5H1.12, see United States v. Floyd, 945 F.2d 1096 (9th Cir. 1991), and has been superseded by the new provision. See United States v. Haynes, 985 F.2d 65, 68 (2d Cir. 1993).
 
 
 6
 We also reject Anders's claim that the abuse he suffered as a child and the resulting emotional damage justify departure. The Guidelines provide that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range, except as provided in Chapter 5, Part K, Subpart 2 (Other Grounds for Departure)." U.S.S.G. Sec. 5H1.3, p.s. (emphasis added). We have recognized that a defendant's mental and emotional conditions might provide a basis for departure if the conditions are sufficiently extraordinary. See, e.g., United States v. Tucker, 986 F.2d 278, 279-80 (8th Cir.), petition for cert. filed, 61 U.S.L.W. 3836 (U.S. May 24, 1993) (No. 92-1912); United States v. Desormeaux, 952 F.2d 182, 185 (8th Cir. 1991).
 
 
 7
 In Desormeaux, we reversed a departure that was based, in part, on the fact that the defendant had been abused by her "spouse" and on the psychological impact of that abuse, including defendant's diminished feelings of self-esteem and self-worth. Desormeaux, 952 F.2d at 185. Desormeaux had been convicted of stabbing a woman she found with her live-in boyfriend. Id. at 183-84. She claimed that three years prior to the stabbing, she was involved with a man who physically and emotionally abused her and that the psychological damage caused by this abuse justified departure. We rejected that argument, stating:
 
 
 8
 While we understand that such abuse may lead to diminished self-esteem, we believe that the abuse to which the district court referred is too attenuated to justify departure in this case. The abuse occurred three years before the assault. Claymore was not the abusive prior boyfriend, and certainly Middletent [the victim] had no relationship to the prior abuse. The low self-esteem and diminished self-worth to which the district court referred are not of a kind or degree that they may appropriately be relied upon to justify departure.
 
 
 9
 Id. at 185 (quotation and quoted case omitted).
 
 
 10
 Here, although Anders was abused and neglected as a child, at the time he committed the two bank robberies for which he was sentenced, twenty-five years had elapsed. Thus, as in Desormeaux, the abuse Anders suffered is too attenuated from the bank robberies to justify departure here. Moreover, there is no causal link between the abuse and the bank robberies. We also note that the PSR reveals Anders led a somewhat normal life during this period. These facts undercut Anders's claim that the childhood abuse he suffered rendered him incapable of conforming his conduct to the law or made him less culpable for the two bank robberies he committed.
 
 
 11
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri